# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Geraldine T. Saiz-TenBrink

**Case Number:** 05-15660

### Document Information

**Description:** Memorandum Opinion re: [5-1] Chapter 13 Plan .

**Received on:** 2006-05-08 14:45:43.000

**Date Filed:** 2006-05-08 00:00:00.000

**Date Entered On Docket:** 2006-05-08 00:00:00.000

### Filer Information

**Submitted By:** Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: GERALDINE SAIZ-TENBRINK,            No. 13-05-15660 MA

Debtor.

## MEMORANDUM

THIS MATTER is before the Court for confirmation of the Debtor's chapter 13 plan. Debtor's plan of reorganization seeks to pay certain amounts arising out of a Judgment and Suspended Sentence issued by the Thirteenth Judicial District Court which included an order of restitution as a condition to probation based on Debtor's plea of guilty to one count of embezzlement of over $20,000.00 outside the plan. The Chapter 13 Trustee objected to confirmation asserting that such direct payment amounts to a separate classification of an unsecured debt that unfairly discriminates against other unsecured creditors contrary to 11 U.S.C. § 1322(b)(1). Los Lunas Medical Associates ("LLMA") also filed an objection to confirmation, asserting, among other things, that the Debtor's plan was not filed in good faith, and that the plan is not feasible because the Debtor faces incarceration if she fails to make the restitution payments and would be left with no means of funding her plan.[1]

---

[1]The Chapter 13 Trustee asserts that LLMA has no standing to object to confirmation because it has not filed a proof of claim, and that LLMA's objection should, therefore, be stricken. Because the Debtor's plan provides for payment to LLMA (albeit directly, outside the plan), the Court finds that LLMA is a "party in interest" with standing to object to confirmation of the Debtor's chapter 13 plan. 11 U.S.C. 1324(a) ("A party in interest may object to confirmation of the plan."); *In re Davis,* 239 B.R. 573, 579 (10th Cir. BAP 1999) (noting that some courts have found that "party in interest" does not include parties who do not have an allowed claim (i.e., have not timely filed a proof of claim), but following the generally understood definition of "party in interest" to mean "all persons whose pecuniary interests are directly affected by the bankruptcy proceedings" and extending such definition "to include anyone who has an interest in the property to be administered and distributed under the Chapter 13 plan.") (citation omitted).

1

At the final hearing on confirmation, the Court directed the parties to submit letter memoranda on the issue of whether restitution payments can be made outside the plan. The Debtor, the Chapter 13 Trustee, and LLMA each filed a brief.[2] Upon review of the briefs and the relevant case law in light of the record of the Debtor's bankruptcy proceeding, and being otherwise sufficiently informed, the Court finds that the Debtor's plan cannot be confirmed. Debtor has not provided a sufficient justification for the separate classification of the restitution claim, and her plan, consequently, unfairly discriminates against general unsecured creditors.

## FACTS AND BACKGROUND

In 2004, Debtor plead guilty to one count of embezzlement of over $20,000.00, and received a suspended sentence with probation conditioned upon payment of restitution ordered pursuant to N.M.S.A. 1978 § 31-17-1(D) in the amount of $665.00 per month for a period of five years, beginning June 5, 2005. *See* Plea and Disposition Agreement (Exhibit A to Memorandum Supporting Payment of Court Ordered Restitution Outside Chapter 13 Plan ("LLMA Memorandum"); Judgment and Suspended Sentence (Exhibit B to LLMA Memorandum). Failure to make the required restitution payments can result in revocation of probation and incarceration. *See* Judgment and Order Reinstating Probation (Exhibit C to LLMA Memorandum).

Debtor filed her voluntary petition under Chapter 13 of the Bankruptcy Code on July 12, 2005. Her statements and schedules list unsecured, non-priority claims in the total amount of $250,315.35. Of this amount, $39,900.00 is identified on Debtor's Schedule F as a claim for

---

[2]LLMA supports Debtor's proposal for direct payment of the court ordered restitution outside the plan.

"restitution" to LLMA, and $151,419.35 is identified on Debtor's Schedule F as a claim of LLMA for "conversion of company funds." Debtor's Chapter 13 plan proposes monthly payments of $125.00 for a minimum of thirty-six months, but up to a maximum of sixty months as necessary to complete funding of the plan. The plan also proposes to pay the regular monthly payment due under the restitution order directly.[3] Debtor's Schedule J reflects a monthly expense in the amount of $665.00 identified as restitution. After deduction of all itemized expenses, Debtor's Schedule J reflects net monthly income in the amount of $125.55. LLMA has not filed a proof of claim. The only unsecured claims on file are a claim for priority taxes filed by New Mexico Taxation and Revenue Department in the amount of $5,000.00, and a claim filed by LVNV Funding LLC, Resurgent Capital Services, in the amount of $7,585.23.

## DISCUSSION

Confirmation of a Chapter 13 plan of reorganization is governed by 11 U.S.C. § 1325 which provides, among other things, that the Court shall confirm a plan provided that the plan complies with all of the provisions under Chapter 13 and other applicable provisions under the Bankruptcy Code. 11 U.S.C. § 1325(a)(1). Pursuant to 11 U.S.C. § 1322(b)(1), a debtor may propose a plan that designates separate classes of unsecured claims, provided such designation does not "discriminate unfairly" against any class of unsecured creditors. 11 U.S.C. § 1322(b)(1). "Unfair discrimination" is not defined in the Bankruptcy Code, and courts have struggled to develop and apply certain factors to determine whether a proposed treatment

---

[3]Paragraph 3. of Debtor's Chapter 13 Plan of Reorganization is entitled "Payments Made Directly to Creditors" and lists the following creditors with the following estimated claim amounts:1) Ford Motor Credit Company - $33,000.00; 2) Los Lunas Medical Associates - $39,000.00. Based on Debtor's Schedule F, it is clear that the claim identified in Paragraph 3 of Debtor's Plan of Reorganization represents the restitution debt.

3

discriminates unfairly. *See In re Williams,* 231 B.R. 280, 281 (Bankr.S.D.Ohio 1999) (noting that the Bankruptcy Code has not defined "unfair discrimination"); *In re Crawford,* 324 F.3d 539, 542 (7th Cir. 2003) ("The courts have striven to formulate a more precise standard for determining the legitimacy of classifications proposed by Chapter13 debtors, but without success."); *In re Leser,* 939 F.2d 669, 672 (8th Cir. 1991) (establishing the following four-factor test: "1) whether the discrimination has a reasonable basis; 2) whether the debtor can carry out a plan without the discrimination; 3) whether the discrimination is proposed in good faith; and 4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination.") (citing *In re Wolff ,* 22 B.R. 510, 512 (Bankr.9th Cir. 1992) (remaining citations omitted)). Whether a separately designated class of unsecured creditors unfairly discriminates is ultimately determined on a case-by-case basis, taking into consideration the particular facts and circumstances present in each case. *In re Whitelock,* 122 B.R. 582, 588 (Bankr.D.Utah 1990) ("The decision [of whether a separate classification unfairly discriminates] is to be made on a flexible, case-by-case approach, taking into account the particular facts and circumstances of each case."); *Williams,* 231 B.R. at 281 (noting that "courts propose a flexible standard considering the totality of the circumstances on a case by case basis.") (citing *In re Bowles,* 48 B.R. 502, 507 (Bankr.E.D.Va. 1985) (remaining citation omitted)).

    Here, Debtor's plan does not designate LLMA as a separately classified unsecured creditor, but instead proposes to pay the court-ordered restitution directly, outside the plan. As pointed out by LLMA, whether a debtor can provide for direct payment to creditors outside the plan lies within the discretion of the Bankruptcy Court. *See In re Barber,* 191 B.R. 879, 883 (D. Kan. 1996) (whether debtor may act as disbursing agent is committed to the court's sound

4

discretion).  But the effect of Debtor's proposed plan is the equivalent of separate classification of the restitution debt because the plan provides for payment of the restitution according to the terms of the Judgment and Suspended Sentence, while other general unsecured claims will be paid pro-rata from plan payments. *Cf.  In re Limbaugh,* 194 B.R. 488, 491 (Bankr.D.Or. 1996) (considering whether debtor's proposal to pay restitution claim in full directly to Multnomah County while paying 0% to other unsecured creditors was an impermissible separate classification was unfairly discriminatory).  The Court's decision, therefore, is not based on whether the Debtor may make direct payments outside the plan, but on whether the plan unfairly discriminates.

"It is the debtor's burden to prove a reasonable basis for the favorable treatment of the restitution claim." *Williams,* 231 B.R. 281 (citing *In re Brigance,* 219 B.R. 486, 494 (Bankr.W.D.Tenn. 1998). *See also, Whitelock,* 122 B.R. at 588 ("The debtors have the burden of establishing the rationale and fairness of a discriminatory treatment of unsecured claims.") (citing *In re Furlow,* 70 B.R. 973, 977 (Bankr.E.D.Pa. 1987) (remaining citation omitted)).  Debtor and LLMA assert that the fact that the debt to LLMA is non-dischargeable in her Chapter 13 proceeding serves as adequate justification for separate treatment of the restitution claim.  The non-dischargeable nature of a debt is, in fact, insufficient justification on its own for separate classification and discriminatory treatment under a Chapter 13 plan. *See, e.g., In re Ponce,* 218 B.R. 571, 575 (Bankr.E.D.Wash. 1998)(holding that debtor cannot base discriminatory classification on non-dischargeable nature of the debt, and concluding that debtor's separate classification of non-dischargeable criminal traffic fines unfairly discriminated); *Williams,* 231 B.R. at 282 ("The non-dischargeability of a debt alone is not sufficient justification to treat a debt

5

more favorably than other unsecured claims, at least during the initial 36 months of a plan.") (citations omitted); *In re Mason,* 300 B.R. 379, 385 (Bankr.D.Kan. 2003) (non-dischargeable nature of claim is not by itself, a legitimate debtor interest sufficient to justify preferential treatment of student loan); *In re Willis,* 197 B.R. 912 (N.D.Okla. 1996) (absent some other justification for discriminatory treatment, non-dischargeable status of student loans insufficient basis for separate, more favorable treatment of student loans over other general unsecured claims).

Debtor cites *In re Riggel,* 142 B.R. 199 (Bankr.S.D.Ohio 1992) for the proposition that the exception from discharge of restitution included as part of a criminal sentence under 11 U.S.C. § 1328(a)(3) serves as a rational basis for separate classification of a restitution debt under § 1322(b)(1). The statement in *Riggel* that "[a] debtor must show obligations under a restitution order, as contemplated under 11 U.S.C. § 1328(a)(3), before a reasonable basis arises for favorable treatment of claims arising from returned checks" was only dicta, inasmuch as there was no evidence before the court that the claim for debts arising from returned checks was an obligation under a restitution order issued as part of a sentence for a criminal conviction. 142 B.R. at 204. *See also, Williams,* 231 B.R. at 282 n.1 (noting that the suggestion in *Riggel* that a "'criminal action or conviction' may support a plan which discriminates in favor of the unsecured restitution creditor . . . was only dicta which was not further explained.").

Most courts that have considered a debtor's proposed separate classification and preferred treatment of a restitution claim have concluded that such separate classification unfairly discriminates. *See, e.g., Williams,* 231 B.R. 280 (plan proposing to pay restitution claim in full while paying other unsecured creditors 5% on their claims was unfairly discriminatory and could

6

not be confirmed); *Limbaugh,* 194 B.R. at 491 (plan proposing payment of restitution claim in full while other general unsecured creditors were paid 0% unfairly discriminated against general unsecured creditors); *In re Bowles,* 48 B.R. 502, 507 (Bankr.Va. 1985) (plan proposing payment of restitution claim arising from criminal proceedings in full while other general unsecured creditors are paid 20% of their allowed claims unfairly discriminated). The fact that a debtor might face incarceration for failing to comply with an order for restitution generally does not serve as sufficient additional justification for separate classification and preferential treatment of such claim. *See Williams,* 231 B.R. at 282 (discussing *Ponce,* 218 B.R. at 575 and *Limbaugh,* 194 B.R. at 491-493). Incarceration may very well result in a debtor's inability to make *any* payments under a Chapter 13 plan. However, as the court in *Bowles* reasoned, by allowing a debtor to separately classify and prefer a claim for restitution over other general unsecured creditors forces the general unsecured creditors "to suffer the consequences of the debtors' own misdeeds . . . " 48 B.R. at 508. Similarly, the court in *Limbaugh* reasoned:

> By allowing debtors to separately classify the restitution debt this court would reduce the impact of criminal sanctions imposed by the state court by requiring debtors' innocent unsecured creditors to subsidize [the debtor's] criminal sanctions.

194 B.R. at 493.

In this case, Debtor's proposal to pay the restitution claim directly in accordance with the terms of the Judgment and Suspended Sentence unfairly discriminates. The Chapter 13 Trustee points out that LLMA has failed to file a proof of claim; consequently, LLMA is not entitled to any distribution under the Chapter 13 Plan. *See* Rule 3002(a), Fed.R.Bankr.P.; *In re Van Hierden,* 87 B.R. 563, 564 (Bankr.E.D.Wis. 1988) (unsecured creditor must file proof of claim in order to recover from the bankruptcy estate, even if the debtor makes a provision for such

7

creditor in his or her plan of reorganization) (citation omitted). Under Debtor's proposed plan, LLMA will continue to receive the regular payments under the restitution order, while other general unsecured creditors will only receive a pro-rata share from Debtor's plan payments. Because this arrangement will result in general unsecured creditors bearing the cost of Debtor's criminal restitution, and because LLMA failed to file a proof of claim, the Court finds that the separate classification and treatment of LLMA under Debtor's proposed plan unfairly discriminates.[4]

Debtor asserts that because the debt to LLMA could have been discharged in Chapter 7, by filing Chapter 13 where such debt is not dischargeable, she has shown that her plan has been filed in good faith. Good faith is one of the factors courts have considered in determining whether a separate classification unfairly discriminates. *See, e.g., Leser,* 939 F.2d at 672 (third factor); *Williams,* 231 B.R. at 282 (noting that the good faith requirement under 11 U.S.C. § 1325(a)(3) is coupled with the separate classification issue). Debtor's motivation for filing a Chapter 13 proceeding may very well be sincere. Likewise, it is not unreasonable to conclude that Debtor's proposal to continue paying the restitution according to the requirements of the Judgment and Suspended Sentence was proposed in good faith. However, the Debtor's good

---

[4]As discussed by the court in *Williams,* some courts have indicated that confirmation of a plan which proposes to separately classify a claim for restitution might be possible provided that "the discrimination is the minimum necessary to complete the plan." 231 B.R. at 283 (citing *Bowles,* 48 B.R. at 509 and *In re Games,* 213 B.R. 773 (Bankr.E.D.Wash. 1997)). This might be accomplished where a plan pays all unsecured creditors pro-rata for the first thirty-six months, with the restitution creditor to be paid in full after that time, or where the plan is extended to five years in order for the restitution claim to be paid in full while other unsecured creditors still receive a meaningful payment. *Id.* (discussing *Games,* 213 B.R. at 779-180 and *Limbaugh,* 194 B.R. at 495).

8

faith fails to mitigate the fact that by paying the restitution debt as proposed unfairly discriminates against other unsecured creditors and, in effect, shifts the burden of Debtor's restitution payments onto her other general unsecured creditors.

In supporting the Debtor's plan for direct payment of the court-ordered restitution, LLMA argues that restitution imposed as a condition to probation is not a debt, so that it is appropriate for the Debtor to continue to paying restitution according to the terms of the Judgment and Suspended Sentence. Under New Mexico law "[a] condition of restitution by a court placing a defendant on probation creates neither a debt nor a debtor-creditor relationship between the persons making and receiving restitution." *State v. Lack,* 98 N.M. 500, 506, 650 P.2d 22, 28 (Ct. App. 1982); *State v. Steele,* 100 N.M. 492, 493, 672 P.2d 665, 666 (Ct.App. 1983). LLMA also points out that at the time the Judgment and Suspended Sentence was issued[5], LLMA had no right to enforce the order of restitution. *See* N.M.S.A. 1978 § 31-17-1(D) (2005 Cum. Supp.)(amending subsection D, effective June 17, 2005, to provide that an order requiring payment of restitution is a judgment and lien which may be recorded and enforced by the victim entitled under the order to receive restitution). However, for purposes of bankruptcy, restitution constitutes a "debt" within the meaning of 11 U.S.C. § 101(12). ("'debt' means liability on a claim."); *Pennsylvania Public Welfare Dept. v. Davenport,* 495 U.S. 552, 557, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (*superceded by statute*, 11 U.S.C. § 1328(a)(3), making debts for restitution non-dischargeable in a chapter 13 proceeding, but rejecting petitioner's argument that restitution is not a "right to payment" because neither the probation department nor the victim

---

[5]The hearing was held June 14, 2005, though the Judgment and Suspended Sentence was entered on July 21, 2005. *See* Exhibit B to LLMA Memorandum.

9

stands in a traditional debtor-creditor relationship with the criminal, and holding that restitution obligations are "debts" within the meaning of the Bankruptcy Code).

Finally, LLMA asserts that because the restitution is part of a criminal proceeding, public policy dictates that the Bankruptcy Court not interfere, and that the Office of Parole and Probation provides sufficient oversight for such payments. By finding that the Debtor's treatment of the restitution debt unfairly discriminates, the Court is not interfering with the ongoing criminal jurisdiction of the state court. *Cf. In re Cuevas,* 205 B.R. 457 (Bankr.D.N.J. 1997) (incarceration of debtor due to non-payment of pre-petition traffic fines was continuation of criminal proceeding and was not subject to the automatic stay).

Based on the foregoing, the Court concludes that Debtor's plan unfairly discriminates against general unsecured creditors and cannot be confirmed. This opinion constitutes the Court's findings of fact and conclusions of law issued pursuant to Rule 7052, Fed.R.Bankr.P. An order will be entered accordingly.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Steven E. Sessions          James C. Jacobsen
Attorney for Debtor          Attorney for New Mexico Taxation and Revenue
122 10th Street NW          111 Lomas Blvd. NW, Suite 300
Albuquerque, NM  87102     Albuquerque, NM 87102

Kelley L. Skehen  
Chapter 13 Trustee  
625 Silver SW, Suite 350  
Albuquerque, NM 87102  

Laurence P. Guggino, Jr.  
Attorney for LLMA  
PO Box 2430  
Los Lunas, NM 87031  

Allan L. Wainwright  
Attorney for Ford Motor Credit  
920 Lomas NW  
Albuquerque, NM 87102  

Office of the United States Trustee  
PO Box 608  
Albuquerque, NM 87103  

_____  
Patti G. Hennessy  
Law Clerk (505) 348-2545  

11